Loper v Stop & Shop Supermarket Co., LLC (2022 NY Slip Op 03506)





Loper v Stop & Shop Supermarket Co., LLC


2022 NY Slip Op 03506


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-08937
 (Index No. 623927/17)

[*1]Susan Loper, appellant, 
v
Stop & Shop Supermarket Company, LLC, respondent.


Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellant.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York, NY (Allen Kohn of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Denise F. Molia, J.), dated November 18, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly tripped and fell on a plastic container of mums on the exterior grounds of the defendant's supermarket in Riverhead. The plaintiff commenced this action against the defendant to recover damages for the personal injuries she allegedly sustained, surmising that wind must have blown the potted flowers from its display location and into her path. The defendant moved for summary judgment dismissing the complaint, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. In the order appealed from, dated November 18, 2020, the Supreme Court granted the motion. The plaintiff appeals.
In a trip-and-fall case, "a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137). Here, the defendant established, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice of its existence (see Hagan v City of New York, 166 AD3d 590, 591; Guzman v Jewish Bd. of Family & Children's Servs., Inc., 103 AD3d 776, 777). In support of their motion, the defendants submitted, inter alia, transcripts of the plaintiff's deposition testimony, in which she testified that when she traversed the accident site approximately 15 minutes prior to the incident, she did not see the condition that subsequently caused her to trip and fall. In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHRISTOPHER, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court